Joseph J. HEATH, Petitioner,

v.

Captain John DREW, Commanding Officer, Naval Station, Philadelphia, Pennsylvania,

John H. Chafee, Secretary of the Navy, Washington, D. C.,

Melvin Laird, Secretary of Defense, Washington, D. C.,

Captain G. B. Riefler, Commanding Officer of the USS Sea Leopard,

Rear Admiral Kenneth L. Veth, Commander, 4th Naval District.

Civ. A. No. 70-1248.

United States District Court,
E. D. Pennsylvania.

July 10, 1970.

Sanford Kahn, Philadelphia, Pa., for petitioner.

Barry W. Kerchner, Asst. U. S. Atty., Louis C. Bechtle, U. S. Atty., for respondent.

FINDINGS OF FACT

HIGGINBOTHAM, District Judge.

1. The petitioner is an Ensign in the United States Navy stationed in Philadelphia.

2. Respondents are the civilian and military officials who have custody of the person of the petitioner and who exercise control over him pursuant to their authority under law.

3. On March 12, 1970, petitioner applied for discharge as a conscientious objector (hereinafter called "C.O.") pursuant to Naval regulations.

4. On March 16, 1970, petitioner was interviewed by Chaplain Lieutenant Commander John F. Walker.

5. Chaplain Walker wrote a report which stated in part:

" * * * He objects to his own participation as a member of an armed force engaged in what he would consider an immoral war.

"He records no religion, but holds strong personal moralistic views related to the taking of human life.

"Joseph John Heath is sincerely convinced that his individual membership in the armed forces of this country is morally wrong."

6. On March 25, 1970, petitioner was interviewed by Lieutenant Douglas A. Faulkner.

7. In his report to the Commanding Officer of the USS Sea Leopard (petitioner's assigned vessel) Lieutenant Faulkner stated in part:

"I believe that Ensign Heath is sincere in his opposition to war and that the basis of this opposition can be found in his Catholic upbringing.

\* \* \* \* \* \*

"In discussing his opposition to war and killing in any form, Ensign Heath constantly refers to the standards and basic tenets of Christian religion, as set out in his application. From all the evidence available to me, Ensign Heath seems to live his life based on the principles of Christian religion, and uses these principles as the basis for his beliefs as a conscientious objector.

"In summary, I believe that Ensign Heath is sincere in his position and should be discharged from the naval service as a conscientious objector."

8. On April 1, 1970, petitioner's Commanding Officer forwarded to the Chief of Naval Personnel his recommendation that petitioner's request for discharge as a C.O. be approved.

9. On May 6, 1970, petitioner received a letter dated April 30, 1970 from the Chief of Naval Personnel notifying him that his application for a discharge as a C.O. had been denied.

10. In the letter dated April 30, 1970, the Chief of Naval Personnel stated in part:

"In your request for classification as a conscientious objector you asserted your objection to violence based on your concern for human life. Your concern for human life is entirely appropriate and widely shared by your brother officers, however, it is not, by itself, a basis for classification as a conscientious objector. Reference (b) requires that such requests be based on religious training and belief. Your explanation of your beliefs reveals an idealistic theory of human relations centered on love and personal interaction, but no discernible religious convictions. The chaplain who interviewed you wrote:

"Ensign HEATH \* \* \* objects to his own participation as a member of an armed force engaged in what he would consider an immoral war \* \* \* He records no religion, but holds strong personal moralistic views related to the taking of human life.

"Your request for discharge as a conscientious objector is disapproved."

11. On May 11, 1970, petitioner sought a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241 in this Court.

12. Petitioner was raised as a Catholic, but no longer practices Catholicism.

13. In his application for discharge, petitioner stated in part:

"\* \* \* I still hold many of the basic doctrines of the Christian faith. My underlying concern for human life was definitely nurtured by and obtained from my early religious training. Since this is the basic tenet of all Christian religions, I am still a Christian: my religion is one of practice rather than worship. Love thy neighbor; thou shall not kill; do unto others as you would have them do unto you; turn the other cheek are some of the basic beliefs that I still consider valid. I have been forced to abandon organized religion because I can not believe all of the doctrines of any one religion. I do believe in the existence of some sort of supreme being."

14. Petitioner taught at a school for retarded children while in submarine school and at a child care center while in college.

15. Petitioner presently sends financial support to an "adopted" child in Mexico.

16. Petitioner's Commanding Officer stated: "During the three months Ensign Heath has served aboard USS Sea Leopard his performance of duty has

been outstanding. He has the thoroughness, alertness, industry and ability of officers several years more experienced than himself."

17. Supporting letters sent to Naval officials by teachers, family, and friends describe petitioner as "a young man of integrity and honor," "very sincere and honest," a man "spending a good deal of his off-duty time reading and teaching the mentally handicapped."

18. In his application for discharge, petitioner stated: "When I get out of the military I intend to devote my life to helping others, either as a teacher, in the area of social work, or in the legal area helping people who are not being justly treated. I feel that with this type of work I can provide a great deal of service to humanity and to my country."

## CONCLUSIONS OF LAW

1. This Court has jurisdiction to review by habeas corpus the denial by the Navy of petitioner's application for discharge as a C.O.

2. The petitioner has exhausted his administrative remedies.

3. The scope of this Court's review is confined to the narrow issue of whether there is a basis in fact for the Navy's determination that petitioner's concededly sincere opposition to participation in war in any form is not by reason of his religious training and belief.

4. Under the standards set down by the United States Supreme Court in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), and Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), there is no basis in fact for the determination by the Navy that petitioner's concededly sincere opposition to participation in war in any form is not by reason of his religious training and belief.

And now, therefore this 10th day of July, 1970, it is hereby ordered that petitioner's petition for writ of habeas corpus is granted. Respondents are ordered to discharge petitioner from the United States Navy in a manner consistent with their having originally made the determination that petitioner was entitled to discharge as a conscientious objector.

There is no probable cause for appeal.